UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAIME ENRIQUE MURCIA MORAN,

                 Petitioner,

v.

UNKNOWN PARTY,

                 Respondent.

_____/

Case No. 1:26-cv-1742

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Facility in Battle Creek, Calhoun County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### **Discussion**

**I.      Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.) In an Order entered on June 2, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus should not

be granted. (Order, ECF No. 3.) Respondent filed a response and a recording of the December 10, 2025, bond hearing on June 5, 2026, (Resp., ECF No. 5; Recording of Dec. 10, 2025, Bond Hearing, filed on June 5, 2026).

## II.    Factual Background

Petitioner entered the United States in 2016. (Pet., ECF No. 1, PageID.6.) On August 26, 2025, ICE arrested Petitioner. (*Id.*, PageID.4.)

On November 10, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Torres-Vasquez v. Raycraft* (*Torres-Vasquez*), No. 2:25-cv-13571 (E.D. Mich.). In *Torres-Vasquez*, the Court granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) by 5:00 p.m. on December 10, 2025, or, in the alternative, immediately release Petitioner from custody. Op. & Order, *Torres-Vasquez*, (E.D. Mich. Dec. 3, 2025), (ECF No. 10).

On December 10, 2025, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 5-2, PageID.32.) At the conclusion of the December 10, 2025, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Bond is denied because respondent failed to show he was not a flight risk." (*Id.*)

## III.    Analysis

Respondent argues that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondent's arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV.     Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

The Court will order Respondent to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondent to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:        June 16, 2026                          /s/ Jane M. Beckering
                                                     Jane M. Beckering
                                                     United States District Judge

3